**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO.:  6:25-cv-02282**

DAVID GORDON OPPENHEIMER,

          Plaintiff,

v.

LET'S ROAM, LLC,

          Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff DAVID GORDON OPPENHEIMER by and through his undersigned counsel, brings this Complaint against Defendant LET'S ROAM, LLC for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.     Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer") brings this action for violations of his exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, to copy, distribute, and display Oppenheimer's original copyright-protected Work of authorship, and for violations of 17 U.S.C. § 1202 for the unauthorized removal, alteration, or obscuring of copyright management information ("CMI").

2. Oppenheimer is an independent travel, aerial, and concert photographer who operates Performance Impressions LLC as the primary outlet to sell prints of his work, in addition to commercial licensing. Oppenheimer has a large archive of travel and concert photography with over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States. His work has been featured on National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports, and on display at the Museum of the City of New York.

3. Defendant LET'S ROAM, LLC ("Let's Roam") offers guide-free scavenger hunts in over 350 locations worldwide. At all times relevant herein, Let's Roam owned and operated the internet website located at the URL https://www.letsroam.com/ (the "Website").

4. Oppenheimer alleges that Let's Roam copied and displayed Oppenheimer's copyright-protected Work from the internet in order to advertise, market, and promote its business activities. Let's Roam committed the violations alleged in connection with its business for purposes of advertising and promoting sales to the public in the course and scope of Let's Roam's business.

## JURISDICTION AND VENUE

5.      This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

6.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.      Let's Roam is subject to personal jurisdiction in Florida.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Let's Roam engaged in infringement in this district, Let's Roam resides in this district, and Let's Roam is subject to personal jurisdiction in this district.

## DEFENDANT

9.      Let's Roam, LLC is a Florida Limited Liability Company, with its principal place of business at 6200 Metrowest Blvd, Suite 105, Orlando, FL, 32835, and can be served by serving its Registered Agent, Charles F. Harding, at the same address.

## THE COPYRIGHT-PROTECTED WORK AT ISSUE

10.     In 2013, Oppenheimer created the photograph of the water fountain at the entrance to Waterfront Park in Charleston, South Carolina, entitled "SC-August-2013-1a_OPP5572.jpg," which is shown below and referred to herein as the "Work."



11.     At the time Oppenheimer created the Work, Oppenheimer applied CMI to the Work consisting of "© 2013 David Oppenheimer" in the bottom right corner of the image.

12.     Oppenheimer has complied in all respects with Title 17 U.S.C. § 102, et seq., and all other laws governing federal copyright applicable to the Work and, prior to first publication of the Work, he registered the copyright with the U.S. Copyright Office on September 27, 2013. The Work is on deposit with the U.S. Copyright Office registered with the contents title "SC-August-2013-1a_OPP5572.jpg" and included in copyright registration number VAu 1-150-219. The Certificate of Registration is attached hereto as **Exhibit 1**.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

13.    Oppenheimer's Work is protected by copyright but is not otherwise confidential, proprietary, or a trade secret. The Work in its perspective, orientation, lighting, and other details is entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

14.    At all relevant times Oppenheimer was the owner of the copyright-protected Work.

## INFRINGEMENT BY LET'S ROAM

15.    Let's Roam has never been licensed to use the Work for any purpose.

16.    On a date after the Work at issue in this action was created, but prior to the filing of this action, Let's Roam copied the Work.

17.    On or about November 29, 2022, Oppenheimer discovered the unauthorized use of his Work on the Website.

18.    Let's Roam copied Oppenheimer's copyright-protected Work without Oppenheimer's permission.

19.    After Let's Roam copied the Work, it made additional copies, distributed, and prominently displayed the Work to advertise, promote, and drive use of its commercial travel-and-recreation activities, products, and services, including as the top cover photograph on a page of its Website on at least the following URLs:

https://www.letsroam.com/local/south-carolina/charleston/joe-riley-waterfront-park

https://photos.letsroam.com/scavenger_hunt_location_stops/scavenger_hunt_location_1648403659_large.jpg

20.    Let's Roam copied and distributed Oppenheimer's copyright-protected Work in connection with its commercial travel-and-recreation business, including to advertise, promote, and drive use of its activities, products, and services.

21.    Let's Roam committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2.** Exhibit 2 includes screenshots showing the Work used as the top cover photograph on a page of the Website, and also includes screen captures showing that, although the Work was later removed from that page, the photograph remains hosted on Let's Roam's server(s) and displayed online via a direct URL as of the date of this filing.

22.    Oppenheimer never gave Let's Roam permission or authority to copy, distribute or display the Work for any purpose.

23.    Oppenheimer notified Let's Roam of the allegations set forth herein on April 17, 2024, and May 2, 2025. To date, the parties have failed to resolve this matter.

24.    When Let's Roam displayed the Work, it obscured the Work's CMI.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

25.    Oppenheimer never gave Let's Roam permission or authority to obscure or remove CMI from the Work.

## COUNT I
## <u>COPYRIGHT INFRINGEMENT</u>

26.    Oppenheimer incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.    Oppenheimer owns a valid copyright in the Work.

28.    Oppenheimer registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

29.    Let's Roam copied, displayed, and distributed the Work and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

30.    Let's Roam performed the acts alleged in the course and scope of its business activities.

31.    Defendant's acts were willful.

32.    Oppenheimer has been damaged.

33.    The harm caused to Oppenheimer has been irreparable harm, and Let's Roam has benefitted from infringement of the Work. Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace.

Therefore, Oppenheimer is entitled to injunctive relief, damages, and other relief authorized under the Copyright Act.

COUNT II

## ALTERATION AND REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

34.    Oppenheimer incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

35.    The Work at issue in this case contains CMI.

36.    Let's Roam knowingly and with the intent to enable or facilitate copyright infringement, obscured the Work's CMI in violation of 17 U.S.C. § 1202(b), which prevented it from being visible to users of the page on the Website where the Work was displayed.

37.    Let's Roam committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work at issue in this action protected under the Copyright Act.

38.    Let's Roam caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work at issue in this action protected under the Copyright Act.

39.    Oppenheimer has been damaged.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

40.    The harm caused to Oppenheimer has been irreparable harm, and Let's Roam has benefitted from infringement of the Work. Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace. Therefore, Oppenheimer is entitled to injunctive relief, damages, and other relief authorized under the Copyright Act.

WHEREFORE, the Plaintiff DAVID GORDON OPPENHEIMER prays for judgment against the Defendant LET'S ROAM, LLC that:

a.    Let's Roam and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b.    Let's Roam be required to pay Oppenheimer his actual damages and Defendant's profits attributable to the infringement, or, at Oppenheimer's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c.    Oppenheimer be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.    Oppenheimer be awarded pre- and post-judgment interest; and

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

e.     Oppenheimer be awarded such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Oppenheimer hereby demands a trial by jury of all issues so triable.

Dated: November 26, 2025           Respectfully submitted,

*/s/ George N. Colville*
GEORGE N. COLVILLE
Bar Number: 1060046
george.colville@sriplaw.com

JOEL B. ROTHMAN
FL Bar Number: 98220
joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Gordon Oppenheimer*